■ VICTORIA S. SCOTTO, Respondent, v NICOLA A. SCOTTO, Appellant.— In a matrimonial action, defendant appeals from stated portions of a judgment of the Supreme Court, Queens County, dated August 31, 1977, which, *inter alia,* (1) failed to grant him a divorce and (2) awarded temporary custody of the parties' infant children to the plaintiff. Judgment modified by (1) deleting the third and eighth decretal paragraphs thereof and (2) deleting so much of the fourth decretal paragraph thereof as begins with the words "In addition". As so modified judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for further proceedings consistent herewith. In this bitterly disputed matrimonial action a major issue involves the custody of the two infant children of the marriage. Despite a pre-existing separation agreement which gave custody of the children to the mother, at the time of trial the children were in the custodial care of the father. The trial testimony indicates that for the approximately 27-month period during which the father was the *de facto* custodial parent, the mother made only minimal efforts to visit the children or have the children returned to her care. Although the judgment under review, *inter alia,* awarded custody of the children to the mother for a trial period of one year, at the end of which time the question of permanent custody was to be determined by the Family Court, pursuant to sections 467 and 651 of the Family Court Act, that portion of the judgment has been stayed pending appeal, by an order of this court. The children have now been cared for by their father for approximately 40 months and since the proposed trial period of one year would have expired several months ago, we perceive no good purpose in having a trial period of uncertain result commence at this late juncture. Therefore, without intending to indicate which parent should be awarded permanent custody of the children, we believe that the children's best interests will be served by having an immediate determination, after a full hearing, of the question of permanent custody. We have considered the other arguments raised on appeal and find them to be without merit. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.